# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 28, 2010

## STATE OF TENNESSEE  v. FELICIA MAE LANGFORD

**Direct Appeal from the Circuit Court for Macon County**
**No. 07-61    David Durham, Judge**

---

**No. M2010-00340-CCA-R3-CD - Filed January 12, 2011**

---

The Defendant-Appellant, Felicia Mae Langford, appeals the revocation of her probation. She pled guilty in the Circuit Court of Macon County to aggravated burglary, a Class C felony. Langford received a probationary sentence of six years. The trial court revoked her probation following an arrest for shoplifting. On appeal, Langford admits that she violated her probation. She claims, however, that the trial court erred by revoking her probation and imposing her original sentence of confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Comer L. Donnell, District Public Defender; Joe McClerran, Assistant Public Defender, Lebanon, Tennessee for the Defendant-Appellant, Felicia Mae Langford.

Robert E. Cooper, Jr., Attorney General and Reporter;  Brent C. Cherry, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Justin Harris, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**.  The record on appeal is limited.  It contains the judgment form for the aggravated burglary conviction, an affidavit addressing the probation violation, the arrest warrant, and the revocation order.  The record does not include a transcript of the revocation hearing.[1]

---

[1]The record does show that Langford submitted a "Notice of Filing Transcript."  The notice informs

(continued...)

Langford's conviction for aggravated burglary was entered on June 8, 2009. She was placed on probation for a term of six years. On August 17, 2009, Langford's probation officer signed an affidavit which alleged that Langford violated her probation. Specifically, the probation officer alleged that Langford failed to "obey all local, state, and federal laws and ordinances." Langford was purportedly arrested for shoplifting on August 3, 2009.[2] Based on this alleged violation, the trial court issued a warrant for Langford's arrest. The warrant was executed on August 24, 2009.

On October 28, 2010, the trial court entered a revocation order. It fully revoked Langford's probation and imposed the original sentence of confinement. The order does not specify the basis for the revocation. Langford filed a timely notice of appeal.

### ANALYSIS

Langford concedes that she violated her probation. She claims, however, that the trial court abused its discretion by revoking her probation and ordering confinement. Langford contends that confinement was improper because the probation officer and the assistant district attorney arranged for Langford to enter a drug treatment program. Langford also asserts that the trial court should have inquired about her substance abuse issues. In response, the State argues that the trial court acted within its discretion by revoking Langford's probation and ordering confinement. The State claims we should presume the trial court's findings are correct because Langford failed to prepare an adequate record for review. Specifically, it refers to the absence of the transcript of the revocation hearing. The State asserts that the record provides no support for Langford's claim about the arrangement with the drug treatment program. Upon review, we agree with the State.

Our law states that a trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial

---

[1](...continued)
the State that Langford filed a transcript of the proceedings on May 28, 2010. The transcript was not, however, included in the record. We note that the State discussed the absence of the transcript in its appellate brief. Langford did not file a reply brief addressing the absence.

[2] Langford claims in her appellate brief that she pled guilty to shoplifting on October 28, 2009.

evidence in the record to support the trial court's determination that he violated his probation. Id. (citations omitted).

Once a trial judge has determined a violation of probation has occurred, the trial judge retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Id. at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

Our review is hampered by the absence of the transcript from the revocation hearing. Langford was responsible for providing a record that conveys a fair, accurate and complete account of what transpired with regard to the probation revocation. See T.R.A.P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). The Tennessee Supreme Court has stated, "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). We are to presume the trial court's findings are correct if a relevant transcript is not included in the record. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Certainly, the revocation hearing was relevant to the trial court's decision to revoke Langford's probation and impose the original sentence. The hearing was particularly relevant to Langford's claim that the probation officer and the assistant district attorney arranged for Langford to enter a drug treatment program. Without the transcript of the revocation hearing, we are precluded from reviewing this issue and we must presume that the trial court's decision was correct. Langford is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE